Previously **JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| E.L.V.H., Inc., a California corporation; and Edward Van Halen, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> Andrew Bennett, an individual, <br><br> Defendant. | Case No. 2:18-cv-00710-ODW(PLA) <br><br> [Honorable Otis D. Wright II] <br><br> **JUDGMENT** |

1  THE COURT, having considered Plaintiffs E.L.V.H., Inc. and Edward Van
2  Halen's motion for default judgment and permanent injunction against Defendant
3  Andrew Bennett pursuant to Federal Rules of Civil Procedure 55(b) and Local Rule
4  55-1 and finding good cause therein:

5  **IT IS NOW THEREFORE ORDERED, ADJUDGED AND DECREED**
6  **AS FOLLOWS:**

7  1.  Judgment is entered in favor of Plaintiffs E.V.L.H., Inc. ("ELVH") and
8  Edward Van Halen ("Mr. Van Halen") (collectively, "Plaintiffs") and against
9  Defendant Andrew Bennett ("Bennett").

10  2.  Bennett, his agents, employees, servants, and attorneys, and all persons
11  acting in concert or in participation with any of them, who receive actual notice of it
12  by personal service or otherwise, are hereby permanently restrained and enjoined
13  from:

   i.  engaging in unauthorized copying, display, use, and public distribution of ELVH's copyrighted content, or creating unauthorized derivative works from ELVH's copyrighted content, as more fully described in the Settlement Agreement and Release attached hereto as Exhibit 2 as "all video footage and audio files [filmed by Andrew Bennett] that in any way deals with, pertains to, or covers ELVH, Van Halen or [] Edward Van Halen," including but not limited to all video footage recorded by Bennett at 5150 beginning on or around 2003 and ending on or around 2007 (collectively, the "Copyrighted Content");

   ii. disclosing, either directly or indirectly, any information obtained or learned by Bennett relating to ELVH and/or Mr. Van Halen, his business, his personal or professional activities, finances, or EVH's family friends or acquaintances or otherwise breaching his contracts with Plaintiffs, including without limitation, the

|   |   |   |
|---|---|---|
| 1 |  | Confidentiality Agreement attached hereto as Exhibit 1 and the |
| 2 |  | Settlement Agreement and Release attached hereto as Exhibit 2; |
| 3 | iii. | using Mr. Van Halen's name, voice, photograph and likeness for |
| 4 |  | Bennett's commercial advantage on and in connection with THE |
| 5 |  | 5150 VAULT and in promoting himself, and/or his other goods |
| 6 |  | and services, without Mr. Van Halen's permission or consent; |
| 7 | iv. | communicating directly with Plaintiffs or Matthew Bruck; |
| 8 | v. | assisting, aiding, or abetting any other person or business entity |
| 9 |  | in engaging or performing any of the activities referred to in the |
| 10 |  | above subparagraphs (i) through (iv), or effecting any |
| 11 |  | assignments or transfers, forming new entities or associations, or |
| 12 |  | utilizing any other device for the purpose of circumventing or |
| 13 |  | otherwise avoiding the prohibitions set forth in subparagraphs (i) |
| 14 |  | through (iv). |

3. Bennett, his agents, employees, servants, and attorneys, and all persons acting in concert or in participation with any of them, who receive actual notice of it by personal service or otherwise, shall, no later than forty-five (45) days from the date of this Judgment, surrender to Plaintiffs: (i) all infringing copies of the Copyrighted Content including, without limitation, all copies of The 5150 Vault and previews or trailers therefor; and (ii) all plates, computer file storage devices, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies may be reproduced.

4. Bennett, his agents, employees, servants, and attorneys, and all persons acting in concert or in participation with any of them, who receive actual notice of it by personal service or otherwise, shall, no later than forty-five (45) days from the date of this Judgment, remove all infringing copies of ELVH's copyrighted content including, without limitation, all copies of The 5150 Vault and previews or trailers therefor, from the Internet, including, without limitation, from YouTube.

5. The Court acknowledges that Plaintiffs previously posted with the Clerk of the Court an attorney's check in the amount of $10,000 as security (ECF No. 25), pursuant to L.R. 65-10 and the Court's May 14, 2018 Order Granting Plaintiffs' ex parte Application for (1) Temporary Restraining Order and (2) Order to Show Cause Why a Preliminary Injunction and Impoundment Order Should Not Issue (ECF No. 22). The Clerk of the Court is directed to reimburse Plaintiffs the sum of $10,000.

6. The Court retains jurisdiction to modify this injunction and to enforce the terms of the Judgment.

There being no just reason for delay in the entry of this Judgment, the Clerk of the Court is directed to enter this Judgment forthwith, pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED: May 7, 2020

　　　　　　　　　　　　　　　　　　　Otis D. Wright, II
　　　　　　　　　　　　　　　　　　　United States District Judge